Tucker et al. *vs.* The Real Estate Bank.

## TUCKER AND OTHERS *vs.* THE REAL ESTATE BANK.

A summons, directed to the sheriff of one county, commanding him to summon the defendant to appear before the Circuit Court of another county, *at the Court-house in the county aforesaid,* is good.
Want of profert cannot be taken advantage of, after judgment by default, but only on demurrer.

THIS was an action of debt, determined in the Pulaski Circuit Court, in September, 1841, before the Hon. JOHN J. CLENDENIN, one of the Circuit Judges. The Bank sued Wood Tucker, Sterling H. Tucker, and Richard C. Byrd. A writ issued against Byrd, to Pulaski county, and against the other defendants to Jefferson. The defendants, Wood Tucker and Sterling H. Tucker, moved to quash the writ to Jefferson, because it could not legally issue there—because

there was uncertainty in it, as to the place where they were to appear. The writ ran thus: "State of Arkansas, county of Pulaski, sct. The State of Arkansas, to the Sheriff of Jefferson county—greeting: You are hereby commanded to summon, &c., to appear before the Judge of our Circuit Court of Pulaski county, at the Court-house *in the county aforesaid,*" &c. Motion overruled, and judgment for plaintiff. The case came up by writ of error.

*By the Court,* LACY, J. An objection is taken to the sufficiency of the writ, in this case. In inspecting the record, we have no doubt but that the writ sets out, with sufficient certainty, the time and place where the defendants are required to appear. It does not, it is true, state that it is in the city of Little Rock, but avers that it is at the Court-house in the county of Pulaski, and at the time prescribed by law.

It is true, in this case, that there is no profert made of the writing sued on, but the defendants, by failing to demur, cannot now take advantage of it.

Judgment affirmed.