Oldham J., delivered the opinion of the court. Want of profert cannot be taken advantage of after judgment by default, but only on demurrer. Tucker et al. vs. The Real Estate Bank. 4 Ark. 429. When the defendant below entered into bond the attachment was released, and the case then stood in the same position as though it had been commenced by an ordinary summons. Rev. Stat. ch. 13, sec. 13, 14. She then had notice, and was bound to appear and answer the action, or ¡suffer judgment by default, upon the calling of the cause, according to the pratice of the court. Had the attachment not been released, no personal notice having been served upon the defendant, she would by law have had until the third day of the term next after publication in which to plead to, or otherwise answer the action. By' entering into bond and releasing the attachment, she waived the time allowed by law in cases of attachment, in which constructive notice is given the defendant. The judgment is nil dicit, when it should have been by default, the defendant having made no appearance to the action. But that is a matter of form only, as the judgment would have been for the same amount, whether rendered by default, or nil dicit: At least, it does not constitute sufficient error to justify a reversal of the judgment. Affirmed.